UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NOS. 26-10030 and 26-10031-RGS

UNITED STATES OF AMERICA

v.

SNIDERS JEAN-JACQUES

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR IMMEDIATE RELEASE
AND THE GOVERNMENT'S APPEAL OF THE MAGISTATE JUDGE'S
ORDER OF RELEASE

April 20, 2026

STEARNS, D.J.

Defendant Sniders Jean-Jacques has been indicted in the District of Massachusetts for bank and wire fraud conspiracy and, in a separate indictment, for wire fraud conspiracy involving the alleged theft of funds from the Covid-era Paycheck Protection Program. Shortly after the indictments were handed up, on February 9, 2026, Jean-Jacques was arrested in Florida where he resides. After a detention hearing in the Southern District of Florida, held on February 16, 2026, the Magistrate Judge ordered defendant released on conditions but stayed the order through February 18, 2026. On February 17, 2026, the government filed an emergency motion seeking a further stay, which this court allowed pending

defendant's appearance in the District of Massachusetts.   Defendant appeals the stay of the release order, while the government seeks revocation of the release order.   The court held a hearing on the appeal on April 7, 2026.   In addition to the parties' arguments and briefings, the court has had the benefit of the Pretrial Services Report prepared in the Southern District of Florida and the transcript of the hearing before Magistrate Judge Marty Fulgueria Elfenbein.   For the reasons stated below, the court will allow the government's motion to reverse the Magistrate Judge's release order and further order that the defendant be detained pending trial.

Review of an order of detention or release by the district court is *de novo*.   *United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990). While the standard of review precludes deference to the Magistrate Judge's decision, comity requires that it be given consideration with respect. In making its independent determination, the court is directed by 18 U.S.C. § 3142(g) and the case law to weigh the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the defendant, and any risk of flight or danger that might be posed to any person or the community by defendant's release. Risk of flight is decided by a preponderance of the evidence, danger to the community by the stricter standard of clear and convincing evidence.

With respect to the first three considerations, while wire fraud and conspiracy are not *per se* crimes of violence, defendant's situation is complicated by the fact that he has been previously convicted of virtually the same crimes (for which he served a two-year federal sentence) when the present crimes were allegedly hatched.   That reality and the scale of his alleged crimes, which resulted in a loss that, by the government's estimate, exceeds $13 million dollars, will expose him if convicted to a guideline sentencing range of 188 to 235 months.   That prospect alone provides a powerful incentive to flee.

The defendant's history of appropriating the identities of others (an integral facet of his criminal activity) and his deep roots in Haiti further enhance the likelihood of flight.   While Jean-Jacques is a U.S. citizen, as the government points out, his roots in the Florida community in which he resides are weak. He is not married, and while he has children, he is estranged from them and their current custodial mother (who is suing him for child support).   He does not own a home and, by all appearances, has no permanent address.   For all these reasons, I conclude that there are no combination of conditions of release that will ensure defendant's presence

for trial.[1]

For the foregoing reasons, defendant's motion for immediate release is DENIED. The order of release entered by the Magistrate Judge is reversed and the defendant ordered detained pending trial.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[1] While the government argues (with support in cases from other circuits), that economic as well as violent crimes can be weighed in a danger to the safety of the community analysis, *see United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989), I need not consider this ground for detention given the strength of the case for a likelihood of flight. I have considered the allegations that defendant has made threats against others in the past, including potential witnesses, and has been reported at times to be in possession of a firearm, in considering his character. While these may not be evidence *per se* of a proclivity to flee, they do tend to corroborate the government's contention that the defendant's regard for the law, including the likelihood of his abiding by conditions of release, is questionable.